UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIJIOKE ISAMADE, | No. 2:22-cv-0358 AC P |
| Plaintiff, | |
| v. | ORDER |
| PARKER-WRIGHT, et al., | |
| Defendants. | |

Plaintiff, a former county and current state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

II.     Statutory Screening of Prisoner Complaints

The court is required to screen complaints brought by prisoners seeking relief against "a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'"  Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989) (quoting Neitzke, 490 U.S. at 327), superseded by statute on other grounds as stated in Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  Franklin, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555 (citations omitted).  "[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

cognizable right of action." Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

III.   Complaint

The complaint alleges that defendants Parker-Wright, Freidrichs, and Solovyev violated plaintiff's rights under the First and Fourteenth Amendment.[1] Plaintiff alleges that between November 22 and December 2, 2021, he was cut off from his daily medications for his severe mental health disorders, causing psychological deterioration. Id. at 3. On December 2, 2021, Parker-Wright abruptly ended plaintiff's phone call, triggering an anxiety attack, and then ignored plaintiff when he pressed his emergency medical button a total of twenty-one times in an attempt to get medical assistance. Id. Parker-Wright then made plaintiff a target for other inmates by turning off all the televisions in the pod and initiated an unnecessary use of force by having other officers come to physically subdue plaintiff rather than answering his call for medical assistance. Id.

---

[1] Although plaintiff does not specify whether he was a pretrial detainee or convicted prisoner at the time of his incarceration at the jail, for screening purpose, the undersigned will assume that plaintiff was a pretrial detainee and consider the claims under the less rigorous Fourteenth Amendment standard. See Vazquez v. County of Kern, 949 F.3d 1153, 1163-64 (9th Cir. 2020) ("[T]he Fourteenth Amendment is more protective than the Eighth Amendment 'because the Fourteenth Amendment prohibits *all* punishment of *pretrial detainees*, while the Eighth Amendment only prevents the imposition of *cruel and unusual* punishment of *convicted prisoners*.'" (quoting Demery v. Arpaio, 378 F.3d 1020, 1029 (9th Cir. 2004))).

When officers responded, plaintiff complied with orders and requested mental health assistance. Id. at 4. Despite plaintiff's compliance, Freidrichs proceeded to snatch plaintiff's legal paperwork out of his hands and tossed the papers away. Id. Freidrichs then claimed that plaintiff lunged toward him to justify tackling plaintiff to the ground, where officers kneed him in the throat. Id. Solovyev then ordered deputies to batter and strip plaintiff naked in the presence of female officers and to leave him while he choked on his own blood for an hour and a half before finally allowing a nurse to check him and making an emergency call to take plaintiff to the hospital. Id. at 4-5. During that time, Solovyev made racist remarks toward plaintiff—who is Jewish and of African descent—and when plaintiff said he would file a civil lawsuit, Solovyev retaliated by contacting the district attorney to file felony charges against plaintiff. Id. at 5. Plaintiff further asserts that his religious rights were infringed upon. Id. at 4.

Finally, plaintiff claims his rights under the Prison Rape Elimination Act (PREA) were violated when on a separate occasion on November 22 or 23, 2021, an officer used his finger to penetrate plaintiff's anal area through his clothes while plaintiff was being held down by other officers. Id. at 6.

IV.  Claims for Which a Response Will Be Required

A.  Deliberate Indifference to Medical Needs

Plaintiff has sufficiently alleged facts showing that Parker-Wright and Solovyev were deliberately indifferent to his medical needs, see Gordon v. County of Orange, 888 F.3d 1118, 1125 (9th Cir. 2018) (defendant violates Fourteenth Amendment where he fails to take reasonable measures to abate substantial risk of harm to plaintiff of which he was aware), and they will be required to respond to the complaint.

B.  Excessive Force

Plaintiff's allegations against Parker-Wright, Freidrichs, and Solovyev are sufficient to demonstrate that defendants initiated, participated in, or directed the unnecessary and excessive use of force against him, see Kingsley v. Hendrickson, 576 U.S. 389, 396-97 (2015) ("a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable."), and they will be required to respond to the complaint.

C. Equal Protection

"Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race." Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citation omitted). To state a claim for violation of the Equal Protection Clause, "a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based on membership in a protected class." Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013) (citation and internal quotation marks omitted). Plaintiff's allegations that Solovyev made racist remarks while directing officers to assault plaintiff are sufficient to support an inference that Solovyev's conduct was racially motivated, and he will be required to respond to the complaint.

D. Retaliation

Plaintiff's allegations against Solovyev are sufficient to state a claim for retaliation, see Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005) (retaliation claim must include allegation that defendant took adverse action against plaintiff because of his protected conduct and that the action chilled plaintiff's exercise of First Amendment rights and lacked legitimate correctional goal), and Solovyev will be required to respond.

V. Failure to State a Claim

A. PREA

"In order to seek redress through § 1983, . . . a plaintiff must assert the violation of a federal *right*, not merely a violation of federal *law*." Blessing v. Freestone, 520 U.S. 329, 340 (1997) (emphasis in original) (citing Golden State Transit Corp. v. Los Angeles, 493 U.S. 103, 106 (1989). The PREA, 42 U.S.C. § 15601-15609, "authorizes the reporting of incidents of rape in prison, allocation of grants, and creation of a study commission," but there is nothing in the PREA to indicate that it created a private right of action, enforceable under § 1983 or otherwise. Porter v. Jennings, No. 1:10-cv-01811-AWI-DLB PC, 2012 WL 1434986, at *1, 2012 U.S. Dist. LEXIS 58021, at *3 (E.D. Cal. Apr. 25, 2012) (collecting cases); see also  Law v. Whitson, No. 2:08-cv-0291-SPK, 2009 WL 5029564, at *4, 2009 U.S. Dist. LEXIS 122791, at *9 (E.D. Cal. Dec. 15, 2009); Bell v. County of Los Angeles, No. CV 07-8187-GW(E), 2008 WL 4375768, at *6, 2008 U.S. Dist. LEXIS 74763, *16 (C.D. Cal. Aug. 25, 2008); Inscoe v. Yates, No. 1:08-cv-

001588 DLB PC, 2009 WL 3617810, at *3, 2009 U.S. Dist. LEXIS 108295, *8 (E.D. Cal. Oct. 28, 2009). Since the Act itself contains no private right of action, nor does it create a right enforceable under §1983, to the extent plaintiff is attempting to allege a PREA violation, he fails to state a claim for relief. To the extent plaintiff is attempting to bring a Fourteenth Amendment claim based on sexual assault, he has failed to identify or name as a defendant the individual who violated his rights.

B. Religion

To establish a free exercise violation, plaintiff must show defendant burdened the practice of his religion, without justification reasonably related to legitimate penological interests, by preventing him from engaging in conduct that is (1) based on a "sincerely held" religious concern and (2) "rooted in religious belief" rather than in secular philosophical concerns. Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008) (citations omitted). Plaintiff alleges that his religious rights were ignored and infringed upon but offers no further elaboration. ECF No. 1 at 4. This is insufficient to state a claim for relief.

VI. Leave to Amend

For the reasons set forth above, the complaint does not state cognizable claims based on the alleged sexual assault and infringement on plaintiff's religious rights. However, it appears that plaintiff may be able to allege facts to remedy this and he will be given the opportunity to amend the complaint if he desires.

Plaintiff may proceed forthwith to serve defendants Parker-Wright, Freidrichs, and Solovyev on his deliberate indifference, excessive force, equal protection, and retaliation claims or he may delay serving any defendant and amend the complaint.

Plaintiff will be required to complete and return the attached notice advising the court how he wishes to proceed. If plaintiff chooses to amend the complaint, he will be given thirty days to file an amended complaint. If plaintiff elects to proceed on his deliberate indifference, excessive force, equal protection, and retaliation claims against defendants Parker-Wright, Freidrichs, and Solovyev without amending the complaint, the court will proceed to serve the complaint. A decision to go forward without amending the complaint will be considered a voluntarily dismissal

without prejudice of the PREA, sexual assault, and religion claims.

If plaintiff chooses to file an amended complaint, he must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo v. Goode, 423 U.S. 362, 370-71 (1976). Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (citations omitted).

Plaintiff is also informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled in subsequent amended complaint to preserve appeal). Once plaintiff files an amended complaint, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

VII.    Plain Language Summary of this Order for a Pro Se Litigant

Your request to proceed in forma pauperis is granted. That means you do not have to pay the entire filing fee now. You will pay it over time, out of your trust account.

Some of the allegations in the complaint state claims against the defendants and some do not. You have stated claims for (1) deliberate indifference against Parker-Wright and Freidrichs; (2) excessive force against Parker-Wright, Freidrichs, and Solovyev; and (3) discrimination and retaliation against Solovyev. You have not stated any claims based on the sexual assault because you cannot make a claim under the PREA and you have not identified or named as a defendant

the person who sexually assaulted you.  You also have not stated a claim for violation of your religious freedom because you have not explained what religious belief was infringed on or who infringed on it and how.

You have a choice to make.  You may either (1) proceed immediately on your claims for deliberate indifference, excessive force, discrimination, and retaliation against Parker-Wright, Freidrichs, and Solovyev and voluntarily dismiss the other claims or (2) try to amend the complaint.  If you want to go forward without amending the complaint, you will be voluntarily dismissing without prejudice your PREA, sexual assault, and religion claims.  If you choose to file a first amended complaint, it must include all claims you want to bring.  Once an amended complaint is filed, the court will not look at any information in the original complaint.  **Any claims and information not in the first amended complaint will not be considered.**  You must complete the attached notification showing what you want to do and return it to the court.  Once the court receives the notice, it will issue an order telling you what you need to do next (i.e. file an amended complaint or complete and return service paperwork).

## CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is GRANTED.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the appropriate agency filed concurrently herewith.

3. Plaintiff's PREA, sexual assault, and religion claims do not state claims for which relief can be granted.

4. Plaintiff has the option to proceed immediately on his claims for deliberate indifference, excessive force, discrimination, and retaliation against Parker-Wright, Freidrichs, and Solovyev, as set forth in Section IV above, or to amend the complaint.

5. Within fourteen days of service of this order, plaintiff shall complete and return the attached form notifying the court whether he wants to proceed on the screened complaint or

whether he wants to file a first amended complaint. If plaintiff does not return the form, the court will assume that he is choosing to proceed on the complaint as screened and will recommend dismissal without prejudice of the PREA, sexual assault, and religion claims.

DATED: October 10, 2023

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIJIOKE ISAMADE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PARKER-WRIGHT, et al.,<br><br>　　　　Defendants. | No.  2:22-cv-0358 AC P<br><br><br>NOTICE OF ELECTION |

　　　　Check one:

_____ Plaintiff wants to proceed immediately on his claims for (1) deliberate indifference against Parker-Wright and Freidrichs; (2) excessive force against Parker-Wright, Freidrichs, and Solovyev; and (3) discrimination and retaliation against Solovyev without amending the complaint.  Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing without prejudice his PREA, sexual assault, and religion claims pursuant to Federal Rule of Civil Procedure 41(a).

_____ Plaintiff wants to amend the complaint.

DATED:_____

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Chijioke Isamade
　　　　　　　　　　　　　　　　Plaintiff pro se

1