UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIJIOKE ISAMADE,<br><br>              Plaintiff,<br><br>         v.<br><br>PARKER-WRIGHT, et al.,<br><br>              Defendants. | No.  2:22-cv-0358 AC P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On July 26, 2024, defendants filed a motion for summary judgment which was supported in part by video evidence.  ECF No. 22-8.  Plaintiff filed an initial opposition to the motion that stated it was incomplete due to his transfer to another prison (ECF No. 23-2 at 2), and he was granted additional time to file a supplemental opposition (ECF No. 25).  Plaintiff was then granted a ninety-day extension of time to file his supplemental opposition after he stated he was seriously injured after being assaulted by another inmate.  ECF No. 29.  After plaintiff filed his supplemental opposition (ECF No. 37), he filed a motion to appoint counsel and for an order directing the prison to provide him with access to the law library (ECF No. 39).  Both the opposition to defendants' motion for summary judgment and the motion for counsel state that he has not been able to view the video evidence.  ECF No. 37 at 20; ECF No. 39.  In defendants' reply in support of their motion for summary judgment, they acknowledge that plaintiff has not

1

had access to the video footage because after they mailed a CD containing the video to plaintiff they were informed by CDCR that he is not allowed to be in possession of CDs or flash drives and plaintiff's inability to access the records is outside their control. ECF No. 40 at 1 n.1.

While plaintiff's incarcerated status is neither defendants' fault nor something within their control, that does not absolve them of their responsibility in providing plaintiff evidence they are using to support their defense of this case. Although plaintiff may not be allowed to possess the CD at issue, there is no indication defendants ever attempted to make arrangements with the prison's litigation coordinator for plaintiff to review the video. Defendants will therefore be required to contact the litigation coordinator where plaintiff is incarcerated[1] to arrange for plaintiff to review the video evidence and take notes. Plaintiff will then be given an opportunity to file a sur-reply to the motion for summary judgment that is strictly limited to addressing the video evidence. In the event defendants encounter difficulty making arrangements with the prison for plaintiff to view the videos, they should promptly notify the court.

Finally, plaintiff's motion to appointment counsel will be denied because it is based on his inability to view the video evidence, which the court has now addressed. Plaintiff's request for an order with a deadline so that he can access the law library is granted to the extent this order contains deadlines. However, plaintiff is advised that any motions in limine are premature, and a deadline for filing such motions will be set by pretrial order in the event this case progresses to trial.

Accordingly, IT IS HEREBY ORDERED that:

1. Within thirty days of the service of this order, defendants shall contact the litigation coordinator where plaintiff is incarcerated and make arrangements for plaintiff to view the video evidence in this case and take notes.

2. Within fourteen days of plaintiff viewing the video evidence, defendants shall notify the court of the date that plaintiff viewed the video.

---

[1] Plaintiff is currently incarcerated at Mule Creek State Prison, but in the event he is moved, contact information for the litigation coordinators at all of CDCR's facilities can be found here: https://www.cdcr.ca.gov/ombuds/ombuds/litigation/.

3. Plaintiff shall have twenty-one days from the date he views the video to file an optional sur-reply to defendants' motion for summary judgment that is limited to addressing the contents of the video.

4. Plaintiff's motion for appointment of counsel (ECF No. 39) is DENIED.

5. Plaintiff's motion for a court order (ECF No. 39) is GRANTED to the extent this order contains deadlines and is otherwise DENIED.

6. The Clerk of the Court is directed to send a courtesy copy of this order via fax on the Litigation Office at Mule Creek State Prison at (209) 274-5018 or via email.

DATED: March 18, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE