UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIJIOKE ISAMADE, | No. 2:22-cv-0358 AC P |
| Plaintiff, | |
| v. | ORDER |
| PARKER-WRIGHT, et al., | |
| Defendants. | |

Plaintiff is a former county and current state prisoner proceeding pro se. Currently before the court are defendants' motions for summary judgment (ECF No. 22) and to strike plaintiff's evidence (ECF No. 41) and plaintiff's motion for sanctions (ECF No. 48).

On July 26, 2024, defendants filed a motion for summary judgment which was supported in part by video evidence. ECF No. 22-8. Plaintiff filed an initial opposition to the motion that stated it was incomplete due to his transfer to another prison (ECF No. 23-2 at 2), and he was granted additional time to file a supplemental opposition (ECF No. 25). Plaintiff was then granted a ninety-day extension of time to file his supplemental opposition after he stated he was seriously injured after being assaulted by another inmate. ECF No. 29. Plaintiff filed a supplemental opposition and motion for appointment of counsel which both indicated that he had not been able to view the video evidence. ECF No. 37 at 20; ECF No. 39. Defendants' reply acknowledged that plaintiff had not had access to the video footage because after they mailed a

1

1  CD containing the video to plaintiff, they were informed by CDCR that plaintiff was not allowed
2  to possess CDs or flash drives. ECF No. 40 at 1 n.1. By order filed March 19, 2025, defendants
3  were ordered to contact the litigation coordinator where plaintiff is incarcerated within thirty days
4  and make arrangements for plaintiff to view the video evidence relied on by their motion for
5  summary judgment. ECF No. 42. The order permitted plaintiff to file a sur-reply after viewing
6  the video that was strictly limited to addressing the video evidence. Id. at 2.

7  Plaintiff subsequently filed a notice stating that defendants had violated the March 19,
8  2025 order because it has been more than thirty days, and he had not yet been permitted to view
9  the video evidence. ECF No. 43. The undersigned found that defendants were in compliance
10 with the order directing them to make arrangements for plaintiff to view the video because they
11 had contacted the litigation coordinator within thirty days and defendants were directed to update
12 the court on the status of plaintiff's viewing arrangements. ECF No. 45. Shortly before the
13 court's order was docketed, defendants filed an opposition to plaintiff's notice detailing the
14 efforts to allow plaintiff to view the video—including an attempt on April 8, 2025, that failed due
15 to technical difficulties—and stating that plaintiff was ultimately given an opportunity to view the
16 video on April 30, 2025, but refused. ECF No. 44. Plaintiff has now filed a reply in which he
17 states that he refused to watch the video because he believed the court's order required defendants
18 to allow him to view it within thirty days of the order, and that he would like another opportunity
19 to review the video. ECF No. 47. He further disputes defendants' representation that he is not
20 allowed to have CDs in his possession. Id. at 3. Plaintiff has also filed a sur-reply to the motion
21 for summary judgment reasserting his claim that defendants violated the March 19, 2025 order
22 and requesting that the court sanction defendants by dismissing their motion for summary
23 judgment. ECF No. 48.

24 As the court previously held, defendants complied with the March 19, 2025 order because
25 that order did not require that plaintiff view the video within thirty days, only that defendants
26 contact the litigation coordinator and make the necessary arrangements for plaintiff to view the
27 video. ECF No. 45. Moreover, it is clear from the record that defendants promptly contacted the
28 prison to make arrangements, initially scheduled plaintiff's viewing to occur within the thirty

days but were unable to accomplish it because of technical difficulties, and that plaintiff was given an opportunity to view the video forty-two days after the order issued. ECF No. 44-1 at 8-17. Even if plaintiff believed that defendants had not complied with the March 19, 2025 order, such belief did not justify his refusal to watch the video. The proper course of action would have been to review the video and file a motion with the court requesting sanctions. Furthermore, since plaintiff's leave to file a sur-reply was limited to addressing the video evidence, which he refused to view, his sur-reply will be disregarded as unauthorized.

To the extent plaintiff appears to seek sanctions based on his claim that defendants inappropriately routed the motion for summary judgment and CD of the videos through the litigation coordinator and have misrepresented his ability to possess CDs (ECF No. 47 at 1, 3-4; ECF No. 48 at 2, 6-7), the record also clearly shows that defendants were simply following the directions they received from CDCR staff and that they were clearly told that plaintiff could not possess the CD (ECF No. 44-1 at 5-6). Any refusal by the CDCR to allow plaintiff to possess the video is outside defendants' control.

For these reasons, plaintiff's request for another opportunity to view the video and his motion for sanctions will therefore be denied.[1] Defendants' motion for summary judgment is deemed fully briefed and submitted, and the court will rule on the motion for summary judgment and related motion to strike plaintiff's evidence in due course. Plaintiff is assured that, under the rules generally applicable on summary judgment, the court will view the video in the light most favorable to plaintiff.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to view video evidence (ECF No. 47) is DENIED;
2. Plaintiff's motion for sanction (ECF No. 48) is DENIED; and

////

////

////

---

[1] The video has been submitted into evidence and the court will review it in considering defendants' motion for summary judgment.

3

3. Plaintiff's unauthorized sur-reply to defendants' motion for summary judgment (ECF No. 48) is DISREGARDED.

DATED: May 16, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE