UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIJIOKE CHUKWUMA ISAMADE,<br><br>Plaintiff,<br><br>PARKER-WRIGHT, et al.,<br><br>Defendants. | No.  2:22-cv-00358 DC AC P<br><br><br>ORDER |

On June 29 and 30, 2026, defendants filed two Suggestion of Death notices regarding the plaintiff in this case.  ECF Nos. 60-61.  Defendants' first filing identifies plaintiff's successor-in-interest as "his spouse, Emily Isamade," residing in Fairfield, California.  ECF No. 60. Defendants' "Amended Suggestion of Death" identifies plaintiff's successor-in-interest as "his spouse, Adaugo Onyekachi," residing in Rancho Cordova, California.  ECF No. 61.  Defendants accomplished service by mailing the Suggestion of Death notices to Ms. Isamade and Ms. Onyekachi at their home addresses.  ECF Nos. 60-61.

First, defendants are directed to advise the court of the correct successor-in-interest for plaintiff.  Defendants have filed two suggestions of death identifying two different spouses at different addresses.  ECF Nos. 60-61.  Although the court presumes that defendants' amended filing is intended to identify the correct spouse and successor-in-interest, defendants shall confirm whether their first filing (ECF No. 60) was inaccurate and should be stricken from the docket.

1

From the certificates of service, it does not appear that defendants have properly served either Ms. Isamade or Ms. Onyekachi.  ECF Nos. 60 at 4; 61 at 4.  Although *parties* may be served under Rule 5 by simply mailing the paper to be served, the Federal Rules of Civil Procedure specifically require that a statement noting death must be served on nonparties in accordance with the requirements of Rule 4.  Fed. R. Civ. P. 25(a)(3); Barlow v. Ground, 39 F.3d 231, 233-34 (9th Cir. 1994).  Rule 4(e)(1) states that service may be completed "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Defendants may also choose to (1) deliver notice to the individual(s) personally; (2) leave a copy at "the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or" (3) deliver the notice "to an agent authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).  Thus, service by mail on a person within California is not permitted except as set forth in California Code of Civil Procedure § 415.30(a),[1] which requires that the document to be served be accompanied by "two copies of the notice and acknowledgement provided for in subdivision (b) and a return envelope, postage prepaid, addressed to the sender."  See also Barlow, 39 F.3d at 234 (citations omitted).  Defendants' suggestion of death and declaration of service do not reflect that they have complied with these requirements.  ECF Nos. 60-61.  Furthermore, service under § 415.30 is not complete until the acknowledgement of receipt is completed, and then only if the acknowledgement is returned to the sender.  Cal. Civ. Proc. Code § 415.30(c).

Accordingly, IT IS HEREBY ORDERED that:

1.  Within fourteen (14) days of service of this order, defendants shall confirm the correct successor-in-interest for plaintiff, and state whether their June 29, 2026 filing (ECF No. 60) should be stricken from the docket.

2.  Within fourteen (14) days of service of this order, defendants shall either provide an amended certificate of service showing that they complied with California Code of Civil Procedure § 415.30, or re-serve the statement noting death on plaintiff's correct successor-in-

---

[1] California provides an alternative method for serving individuals outside the state.  Cal. Civ. Proc. Code § 415.40.

interest (and any other potentially interested parties they intend to notify) in a manner that complies with the Federal Rules of Civil Procedure.

3. If defendants choose to serve the notice in accordance with California Code of Civil Procedure § 415.30, they must file the completed acknowledgment of receipt within forty-five days of the date the notice was mailed. If the acknowledgment of receipt is not returned within the time provided by § 415.30, defendants must notify the court and attempt to serve plaintiff's successor-in-interest by other means.

DATED: June 30, 2026

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3